David HYDE, Guardian of the Person and Estate of Bertrand S. Hyde, an Incapacitated Person, Appellee/Cross–Appellant,

v.

Jeff MYERS, Individually and in his official capacity as police officer of the City of Russellville, Arkansas; Kari E. Powers, Individually and in her official capacity as police officer for the City of Russellville, Arkansas, Appellants/Cross–Appellees,

City of Russellville, Arkansas, Defendant.

Nos. 05–2765, 05–2869.

United States Court of Appeals, Eighth Circuit.

Submitted: July 25, 2006.

Decided: Aug. 7, 2006.

Hugh Richardson Laws, Laws & Murdoch PA, Russellville, AR, for Plaintiff–Appellee.

Nga C. Ostoja–Starzewski, Arkansas Municipal League, North Little Rock, AR, William Finis Smith, III, Russellville City Attorney's Office, Russellville, AR, for Defendants–Appellants.

Before SMITH, MAGILL, and BENTON, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

These interlocutory appeals arise from Bertrand S. Hyde's 42 U.S.C. § 1983 lawsuit against the City of Russellville, Arkansas, and police officers Jeff Myers and Kari E. Powers. Myers and Powers (appellants) appeal the district court's [1] denial of summary judgment based on qualified immunity on an excessive-force claim, as well as the denial of summary judgment on an assault-and-battery claim; and in a cross appeal, Hyde's guardian—who was substituted as plaintiff—challenges summary judgment rulings adverse to Hyde.

We lack jurisdiction over all these rulings except the denial of qualified immunity on the excessive-force claim. See 28 U.S.C. § 1291 (courts of appeals have jurisdiction over district courts' final decisions); Krein v. Norris, 250 F.3d 1184, 1187 (8th Cir.2001) (where there is indication that jurisdiction is lacking, issue will be raised sua sponte); Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 930–31 (8th Cir.2000) (discussing exceptions to final-judgment rule). The denial of summary judgment based on qualified immunity is immediately appealable to the extent the appeal seeks review of the district court's purely legal conclusions. See Vaughn v. Greene County, Ark., 438 F.3d 845, 849 (8th Cir.2006).

We agree with the district court that appellants were not entitled to qualified immunity on the excessive-force claim. See Henderson v. Munn, 439 F.3d 497, 501 (8th Cir.2006) (standard of review). The court correctly analyzed the claim under the Fourth Amendment's objective-reasonableness standard rather than the substantive due process standard. See Graham v.

---

1. The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

*Connor,* 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). We conclude the district court properly determined, viewing the facts in the light most favorable to Hyde, that there was a Fourth Amendment excessive-force violation, and that the constitutional right to be free from excessive force was clearly established at the time of the violation, such that appellants would reasonably have understood their actions were unlawful in the situation they confronted. *See Henderson,* 439 F.3d at 501–04.

Accordingly, we dismiss for lack of jurisdiction appellants' challenge to the denial of summary judgment on the assault-and-battery claim, and all the challenges raised in the cross appeal. We affirm the denial of qualified immunity to appellants on the Fourth Amendment excessive-force claim.